PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN OJEDA, Defendant and Appellant.

No. 4367.   Argued January 12, 1931.—Decided January 16, 1931.

A. *Fiol Negrón* for appellant.   R. A. *Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this case the defendant was convicted in the District Court of Ponce on June 15, 1930, and sentenced to pay a fine of twenty-five dollars. On the 15th of the following August, he took an appeal to this court but has done nothing further.

Based thereon, the People of Puerto Rico, through the *Fiscal,* filed a motion to dismiss the appeal which was set for hearing on the 12th of this instant January.

The defendant did not appear at the hearing, but he filed an answer in opposition to the motion. He admits therein that the facts occurred as set forth in the motion; but he

maintains that in accordance with Act No. 4, approved April 18, 1925, it was not incumbent on him to apply for the sending up of the record on appeal, such transmission being a ministerial duty of the clerk of the district court. He invokes in his favor the decisions in *People* v. *Lorenzo,* 18 P.R.R. 940; *People* v. *Agrait,* 9 P.R.R. 412, and *People* v. *Muñoz,* 9 P.R.R. 473, and states that his appeal is not based on the evidence but on the insufficiency of the information. He concludes by praying that the motion to dismiss be denied and. that the clerk of the District Court of Ponce be directed to certify and forward the transcript of the record.

This is a new case among those where The People moves for a dismissal, either because of a failure to serve notice of the appeal or because the record or the brief has not been filed in time. It involves the construction of said Act No. 4, relating to the duties of appellants in the prosecution of their appeals.

Section 356 of the Code of Criminal Procedure was so amended by the said act that it now prescribes the whole procedure for the prosecution of appeals either when bills of exceptions, statements of the case, or transcripts of the evidence are used, or when none of these papers forms a part of the judgment-roll. The last paragraph reads as follows:

"The record on appeal in a criminal cause shall be composed of the judgment-roll, of which the bill of exceptions, the statement of the case, or the transcript of the evidence, as the case may be, shall form a part, certified to by the secretary of the district court who shall transmit it to the Secretary of the Supreme Court within the thirty days following the approval of the bill of exceptions, statement of the case, or transcript of the evidence, if any, or within thirty days after the filing of the petition for appeal. Upon receipt of said record it shall be the duty of the Secretary of the Supreme Court to enter the case in the proper docket of said court."

In the instant case there is no bill of exceptions, or statement of the case, or transcript of the evidence. The ap-

pellant says that he bases his appeal only on the insufficiency of the information. That being so, we entirely agree with him that there was no reason why he should concern himself with the preparation of any bill of exceptions, or statement of the case, or transcript of the evidence, and that once the appeal was taken and the statutory ten days had expired without the appellant taking any steps in connection with the preparation of these documents, it became the duty of the clerk of the trial court to transmit to the Secretary of the Supreme Court the judgment-roll within the prescribed period of thirty days after the filing of the notice of appeal. We can not agree with the appellant that he did not have to concern himself at all with the transmission of the record.

He took the appeal for his own benefit. By reason of such appeal the execution of the judgment was stayed. The law gave him an opportunity to have his case heard on appeal, subject to the formalities prescribed by the statute itself. It imposed on the clerk of the court the duty of forwarding the record, but it was incumbent on the appellant to procure the performance of this duty. Otherwise the negligence of the clerk became appellant's negligence, to his prejudice. Such is the interpretation adopted by this court in similar cases in construing the law referring to the prosecution of appeals in civil actions, which interpretation is entirely applicable to criminal cases. See 1 *Digesto de Puerto Rico*, 289.

Upon examining the decisions in *People* v. *Lorenzo*, *People* v. *Agrait,* and *People* v. *Muñoz, supra,* invoked by the appellant, we find that the jurisprudence established therein does not favor him at all. On the contrary, it holds that notwithstanding it is the duty of the clerk, under section 356 of the Code of Criminal Procedure, to transmit to the Supreme Court the transcript of the record, it is incumbent on the appellant to see to it that such transcript is filed in a proper and complete form, and if it is not so filed, he

can apply for its correction in accordance with the Rules of this court.

By reason of all the foregoing, the time for filing the judgment-roll in the office of the Secretary of the Supreme Court having expired since September 15, 1930, without the record having yet been filed, or without the appellant having taken any steps to file the same, the motion of The People must be sustained and the appeal therefore dismissed, for want of prosecution.